JOANOS, Judge.
Sumner and Foster Enterprises, Inc. (S & F) appeal from a summary judgment granted in favor of EZ T.V. Rental, Inc. (EZ) asserting error because there are genuine issues of material fact. We reverse.
S & F brought an action against EZ and two of their employees, Scott Burkhart and Steven Lewis, after Burkhart and Lewis had removed a rental refrigerator owned by EZ from a house owned by S & F. Count I of the amended complaint alleged trespass against EZ, Burkhart and Lewis. Count II alleged that Burkhart and Lewis were acting in furtherance of and at the behest of EZ. Count III alleged negligent hiring, training and supervising practices by EZ.
S & F correctly argue that it is error to grant summary judgment when the record contains genuine issues of material fact. Rule 1.510(c), Florida Rules of Civil Procedure, explicitly allows summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.
The record before the judge at the hearing for summary judgment included the pleadings as well as depositions of defendant Burkhart and of the manager of EZ. Burkhart’s deposition indicates that he was told to look in the windows of the house, but that he had taken it upon himself to go outside his employment in retrieving the refrigerator. Burkhart also makes confusing comments as to EZ’s policy when they perceive an appliance has been stolen. EZ’s manager’s deposition makes it unclear whether Burkhart was fired immediately after this incident or voluntarily left his employment some months later.
Also part of the record were S & F’s answers to interrogatories posed by EZ. It is not clear from the record on appeal whether the contents of these interrogatories were explicitly mentioned by counsel for the parties, but it is clear that they contain an issue as to material fact. S & F’s answers indicate that the manager of EZ had twice told them he had sent two men to break into the residence and retake possession of the refrigerator.
At a minimum, the answers to the interrogatories, when viewed with the deposition of Burkhart present a factual dispute, precluding entry of summary judgment in this case.
The portion of the summary judgment granting a partial summary judgment for Burkhart on the issue of punitive damages is not affected by this ruling. It was dismissed by us as being a non-final, non-appealable order. As such, it stands undisturbed by this opinion.
Accordingly, we reverse and remand that portion of the final summary judgment granting summary judgment for EZ.
SHIVERS and NIMMONS, JJ„ concur.